VICTOR MARRERO, United States District Judge
The Court has received and reviewed defense counsel's letter dated September 4, 2018 regarding Defendant Earl Banks's ("Banks") detention. (See"Def. Letter," Dkt. No. 163.) Banks has requested the Court reopen the detention hearing and reconsider the bail order issued by the Court on June 1, 2018. (See"Bail Hearing," Dkt. No. 153 at 23-24.) The Government opposes the request as raising insufficient grounds for reopening the detention hearing. (See"Gov't Letter," Dkt. No. 16 *590 5.) The Court agrees. For the reasons set forth below, the request is denied.
I. BACKGROUND
Banks is charged with participating in a conspiracy involving a pattern of racketeering activity, including murder, robbery, attempted robbery and drug distribution. (See May 22, 2018 Transcript of Bail Hearing at 6.)
Magistrate Judge Katharine Parker held a bail hearing on May 22, 2018 for both Banks and co-defendant Emil Matute ("Matute") at which she granted bail subject to certain conditions, over the Government's objection. (Id. at 26.)
On June 1, 2018, the Court held a hearing on the Government's appeal of Banks's and Matute's bail order. (See Bail Hearing.) Reversing the magistrate court, the Court found that "on the basis of that full record there is evidence to support a finding by the Court that the defendants pose a substantial danger to the community and that detention is warranted." (Id. at 24.)
Although not stylized specifically as a request to reopen the hearing, Banks requests a "reconsideration of his bail." (Def. Letter at 1.) The Government opposes on the grounds that defense counsel's letter raises no new material information warranting reopening the hearing. (Gov't Letter at 1.)
II. DISCUSSION
Section 3142 of Title 18 of the United States Code governs the procedures for release or detention of a defendant pending trial. Pursuant to this statute, a detention hearing:
[M] ay be reopened ... at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.
18 U.S.C. § 3142(f) ; see also United States v. Rodriguez, No. 15-MJ-02956, 2015 WL 6503861, at *1 (S.D.N.Y. Oct. 26, 2015) ("[T]he hearing can be reopened if the court finds that information exists that was not known to the defendant at the time of the hearing and that has a material bearing on the issue that was decided.").
Defense counsel makes several points but presents no new material information supporting his contention that Banks presents no danger to the community. First, he argues that Banks has no prior criminal record and has "minimal" gang connections. (Def. Letter at 3.) Second, he states that his "review of the electronic discovery so far has failed to produce any corroboration of Mr. Banks's role in the racketeering conspiracy," although counsel also concedes that the Government is likely to rely upon confidential witnesses testimony at trial. (Id. ) Despite recognizing the "presumption for detention", defense counsel argues that Banks need only present a "limited burden of production" that Banks does not pose a danger to the community. (Id. at 2-3 (citing United States v. Mercedes, 254 F.3d 433 (2d Cir. 2001).)
These arguments present no new material information sufficient to warrant reopening the hearing under 18 U.S.C. Section 3142(f). The Court was aware of Banks's age and criminal history at the Bail Hearing. The Court also considered the nature of the Government's evidence. At the Bail Hearing, counsel for Matute raised a similar argument about what weight the Court should afford the Government's proffered evidence. (Bail Hearing at 21-22.) To address counsel's point, the Court asked the Government if it *591 would be able to "provide such further support." (Id. at 22.) In response, the Government stated that it had evidence that Banks was involved with "the driveby shooting" and "Mr. Banks himself was also involved in other shootings in which he fired a gun." (Id. )
Ultimately relying on the Government's proffer, the Court "credit[ed] the indications that Mr. Banks may have been involved in shootings himself in addition to being present at a shooting in which some innocent bystanders were hit." (Id. at 23-24.) On this basis, the Court found that Banks posed a danger to the community. (Id. ) Defense counsel's review of electronic discovery provides no new material information to rebut that finding, especially in light of the documented likelihood of testimonial evidence in this case supporting the Government's proffer and the Court's finding.
III. ORDER
For the reasons stated above, it is hereby
ORDERED that the Motion of the Defendant Earl Banks (Dkt. No. 163) requesting to reopen and reconsider his detention is DENIED.
SO ORDERED .